# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JOSEPHUS T. Y. NYEMA, SR., :
: Civil Action No. 12-7168 (MAS)
　　　　　Petitioner, :
:
　　　　v. : **OPINION**
:
STATE OF NEW JERSEY, :
:
　　　　　Respondent. :

**APPEARANCES:**

　　JOSEPHUS T. Y. NYEMA, SR., Petitioner pro se
　　P.O. Box 582
　　Trenton, New Jersey 08604

**SHIPP**, District Judge

This matter is before the Court on the application of petitioner Josephus T. Y. Nyema, Sr. ("Nyema") for habeas corpus relief under 28 U.S.C. § 2241. Because Nyema is challenging a state court conviction, this Court will recharacterize the action as a habeas petition under 28 U.S.C. § 2254. For the reasons set forth below, the petition must be dismissed for lack of jurisdiction because Nyema does not meet the "in custody" requirement under either 28 U.S.C. § 2254(a) or § 2241(c)(3).

## I. BACKGROUND

Nyema is not presently confined at a state correctional facility. In fact, at the time he filed this habeas petition, Nyema admittedly was no longer in the custody of the State of New Jersey pursuant to the New Jersey state court conviction that he challenges in his habeas petition. This is the third attempt by Nyema in challenging this particular state court conviction. He filed

1

similar habeas actions that were dismissed for lack of jurisdiction. *See Nyema v. State of New Jersey*, Civil No. 09-69 (MLC); *Nyema v. State of New Jersey*, Civil No. 10-2933 (MLC).

Nyema filed the present petition on or about November 13, 2012. As in the earlier habeas matters referenced above, Nyema again challenges his 2005 judgment of conviction issued by the Superior Court of New Jersey, Mercer County. On August 26, 2005, Nyema was sentenced to a term of probation for three years. (Petition at ¶¶ 1-5.)

In his first habeas petition, *Nyema v. State of New Jersey*, Civil No. 09-69 (MLC), Nyema admitted that he had appealed his August 2005 conviction to the Superior Court of New Jersey, Appellate Division. On November 16, 2007, the Appellate Division affirmed his conviction. The New Jersey Supreme Court denied certification on February 28, 2008. He then filed a petition for a writ of certiorari to the Supreme Court of the United States, which was denied on October 6, 2008. (See Civil No. 09-69 (MLC) at Docket entry no. 1, ¶¶ 9, 12.)

In an Opinion and Order entered on August 3, 2009, the Honorable Mary L. Cooper, U.S.D.J., dismissed Nyema's first habeas action, *Nyema v. State of New Jersey*, Civil No. 09-69 (MLC), for lack of jurisdiction because Nyema did not satisfy the "in custody" jurisdictional requirement applicable to habeas actions under § 2254(a) and § 2241(c)(3), at the time he filed his petition for habeas relief. (See Civil No. 09-69 (MLC) at Docket entry nos. 5 and 6.) On or about November 28, 2011, Nyema filed a notice of appeal from Judge Cooper's decision with the United States Court of Appeals for the Third Circuit, which by Order dated February 3, 2012, dismissed Nyema's appeal for lack of appellate jurisdiction. (*Id.*, Docket entry nos. 8 and 12, respectively.)

On or about June 9, 2010, before Nyema filed his notice of appeal to the Third Circuit, however, Nyema filed a second habeas action challenging his same 2005 New Jersey state court

judgment of conviction. (*See Nyema v. State of New Jersey*, Civil No. 10-2933 (MLC), Docket entry no. 1.) In the second action, Nyema characterized his petition as a writ of error *coram nobis*. (*Id.*) Nyema filed an amended petition on July 12, 2010. (*Id.*, Docket entry no. 2.) Nyema stated that, on or about April 9, 2008, he had filed a *pro se* petition for post-conviction relief ("PCR") in state court, alleging various claims of ineffective assistance of trial counsel. The state PCR judge denied Nyema's PCR petition by Order dated September 30, 2009. (*Id.*, Docket entry no. 2, ¶¶ 14-16.)

In an Opinion and Order entered on December 13, 2010, Judge Cooper dismissed Nyema's second petition for lack of jurisdiction because Nyema did not satisfy the "in custody" jurisdictional requirement applicable to habeas actions under § 2254(a) and § 2241(c)(3). (*Id.*, Docket entry nos. 5 and 6.) Moreover, Judge Cooper noted that the District Court lacked jurisdiction to issue a writ of error *coram nobis* in Nyema's case because "coram nobis is not available in a federal court as a means of attack on a state criminal judgment." (*Id.*, December 13, 2010 Opinion, Docket entry no. 5, pg. 3 (citations omitted).) Nyema again appealed from the dismissal order, and on January 26, 2012, the Third Circuit dismissed the appeal for lack of appellate jurisdiction. (*Id.*, Docket entry nos. 8 and 11, respectively.)

On January 24, 2012 and November 9, 2012, Nyema sought to re-open his first habeas action in *Nyema v. State of New Jersey*, Civil No. 09-69 (MLC), and he filed another petition for habeas relief. (*See Nyema v. State of New Jersey*, Civil No. 09-69 (MLC), Docket entry nos. 11, 13 and 14.) In an Opinion and Order issued on November 13, 2012, Judge Cooper denied Nyema's request to re-file and re-open his habeas action. (*Id.*, Docket entry nos. 15 and 16.) In a letter request filed on November 28, 2012, Nyema again asked to re-open his case. Judge

Cooper denied the request in a Notice and Order dated November 28, 2012. (*Id.*, Docket entry nos. 17 and 18, respectively.)

Meanwhile, on or about November 13, 2012, despite several Orders from the District Court and the Third Circuit dismissing Nyema's habeas applications, Nyema once again submitted a petition for habeas relief, pursuant to 28 U.S.C. § 2241, challenging the same 2005 New Jersey state court conviction, long after his three-year probation term had expired in 2008. Nyema updated the status of his state court collateral review, attaching a partial Opinion from the Appellate Division, decided January 25, 2012, which affirmed the September 30, 2009 denial of Nyema's state PCR petition. He also attached a copy of an Order dated June 21, 2012, in which the Supreme Court of New Jersey denied certification on Nyema's appeal from denial of his state PCR petition. (Docket entry no. 1.) It is plain from the face of the petition that Nyema is no longer in the custody of the State of New Jersey pursuant to the judgment of conviction under attack in this action.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985); *Harrison v. Schultz*, 285 Fed. Appx. 887, 889 (3d Cir. 2008). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Habeas Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer or the State court record is warranted "if it appears on

the face of the petition that petitioner is not entitled to relief." *Id.*; *see also* 28 U.S.C. § 2243;[1] *McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"); *see also Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

Nyema brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989).

### III. ANALYSIS

Because Nyema is challenging a state court conviction, his action for habeas relief is properly considered under 28 U.S.C. § 2254. Section 2254 provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added). While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be *in custody* under the conviction he is attacking when the petition is *filed*, in order for this Court to have jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989)(emphasis added).

---

[1] Section 2243 provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed. Indeed, the Supreme Court held that its decision in *Carafas v. LaVallee*, 391 U.S. 234 (1968) "strongly implies the contrary." *Maleng*, 490 U.S. at 491. In *Carafas*, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied. *Maleng*, 490 U.S. at 491 (*citing Carafas*, 391 U.S. at 238). The Court ultimately found the in custody requirement was satisfied in *Carafas*, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed. *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *see also Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004)("It is ... clear that being on probation meets the 'in custody' requirement for purposes of the habeas statute."). Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[2] *Maleng*, 490 U.S. at 492.

Here, it is evident that the state court conviction and sentence now challenged by Nyema had fully expired before he filed for federal habeas relief. He was sentenced to a three year probation term on August 26, 2005, which expired in August 2008. Nyema did not file this habeas petition until November 13, 2012. Thus, he is not entitled to relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

---

[2] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. *See St. Pierre v. United States*, 319 U.S. 41 (1943).

A writ of *error coram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review. *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000). However, the writ of *error coram nobis* is available in federal court only for those who were convicted in federal court. 28 U.S.C. 1651(a); *Neyor v. I.N.S.*, 155 F. Supp.2d 127, 136 (D.N.J. 2001). Consequently, the Court cannot construe Nyema's petition as a writ of *error coram nobis*. Instead, petitioner's only course for relief from the collateral consequences of his expired state conviction is to bring a common law writ of *error coram nobis*, or a petition for post-conviction relief, in the state court where he was convicted.

Finally, this Court cannot overlook the repetitious applications filed by Nyema with respect to his 2005 state court conviction. The District Court and the Third Circuit have ruled clearly and conclusively that federal habeas relief is unavailable to Nyema because he no longer is "in custody" pursuant to the judgment of conviction that he is challenging. Moreover, the District Court has explained repeatedly that Nyema's only recourse to challenge his state court conviction is a writ of *coram nobis* in state court where the judgment of conviction was entered. Yet, Nyema filed this third action seeking to challenge the very same state court conviction where he has been plainly informed that no federal jurisdiction exists to do so. Thus, this Court strongly cautions Nyema that future attempts to contest his 2005 state court conviction in this federal District Court will be deemed as abuse of writ,[3] and will be subject to *sua sponte* dismissal and possible sanctions.

---

[3] Nyema does not have carte blanch to abuse judicial process by resorting to repetitious habeas applications, since such practices would qualify and be sanctioned as abuse of the writ. "The concept of 'abuse of the writ' is founded on the equitable nature of habeas corpus.... Where a prisoner ... engages in ... conduct that disentitles him to the relief he seeks, the federal court may

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1)(A); *see also Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Adderly v. Zickefoose*, 2011 WL 5513187, *3 (D.N.J. Nov. 9, 2011)(citations omitted), *writ of mandamus denied, In re Adderly*, 453 Fed. Appx. 161 (3d Cir. 2011). The Third Circuit has clarified the workings of the doctrine of abuse of writ as follows: "When a prisoner files multiple petitions [seeking] relief [in the form of a writ], the abuse of the writ doctrine as set forth in 28 U.S.C. § 2244(a) may bar his claims: No circuit or district judge shall be required to entertain an application for [another writ] to inquire into the detention of a person ... if it appears that the [legal invalidity of the issue was already explained to the litigant] by a judge or court of the United States on a prior application for a writ of habeas corpus...." *Furnari v. United States Parole Comm'n*, 531 F.3d 241 (3d Cir. 2008)(relying on *Sanders v. United States*, 373 U.S. 1, 9 (1963)).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## **CONCLUSION**

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under either 28 U.S.C. § 2254(a) or § 2241(c)(3). No certificate of appealability will issue. Further, Nyema's applications for appointment of counsel in this matter, (Docket entry nos. 3 and 4), will be denied as moot. An appropriate Order accompanies this Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
United States District Judge

Dated: 5/17/2013