**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPHUS T.Y. NYEMA, SR., | : | Civil Action No. 12-7168 (MAS) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, | : | |
| Respondent. | : | |

**APPEARANCES:**

JOSEPHUS T.Y. NYEMA, SR., Petitioner pro se
P.O. Box 582
Trenton, New Jersey 08604

**SHIPP**, District Judge

This matter is before the Court upon the motions of Petitioner Josephus T.Y. Nyema, Sr. ("Nyema") for reconsideration (ECF No. 15) of this Court's May 17, 2013 Opinion and Order (ECF Nos. 13, 14), which dismissed with prejudice Nyema's habeas petition; and for leave to file an amended Petition out of time. (ECF No. 16.) The Court directs the Clerk of the Court to reopen this case to allow for review of Nyema's motions. The Court resolves Nyema's motions on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). Because Nyema has not satisfied the standard applicable to motions for reconsideration, and granting him leave to amend would be futile, the Court concludes that the motions should be denied.

## I. BACKGROUND

On November 13, 2012, Nyema filed a petition for habeas relief, pursuant to 28 U.S.C. § 2241, challenging a 2005 criminal judgment of conviction issued by the Superior Court of New Jersey, Law Division, Mercer County. Nyema had been sentenced to a term of probation for three years on August 26, 2005. (Petition at ¶¶ 1-5.) However, at the time that Nyema submitted his habeas petition for filing, he was no longer in the custody of the State of New Jersey pursuant to the August 2005 judgment of conviction that he challenges in his habeas petition. In fact, Nyema was not incarcerated in any correctional facility at the time he filed his habeas petition.

In this Court's May 17, 2013 Opinion and Order dismissing Nyema's petition, the Court noted that Nyema had filed two prior actions in the District Court of New Jersey challenging this particular state court conviction. Nyema's previous habeas actions were dismissed for lack of jurisdiction. *See Nyema v. State of New Jersey*, Civil No. 09-69 (MLC); *Nyema v. State of New Jersey*, Civil No. 10-2933 (MLC).

In his first habeas petition, *Nyema v. State of New Jersey*, Civil No. 09-69 (MLC), Nyema admitted that he had appealed his August 2005 conviction to the Superior Court of New Jersey, Appellate Division. On November 16, 2007, the Appellate Division affirmed his conviction. The New Jersey Supreme Court denied certification on February 28, 2008. He then filed a petition for a writ of certiorari to the Supreme Court of the United States, which was denied on October 6, 2008. (See Civil No. 09-69 (MLC) at ECF No. 1 at ¶¶ 9, 12.)

In an Opinion and Order entered on August 3, 2009, the Honorable Mary L. Cooper, U.S.D.J., dismissed Nyema's first habeas action, *Nyema v. State of New Jersey*, Civil No. 09-69 (MLC), for lack of jurisdiction because Nyema did not satisfy the "in custody" jurisdictional requirement applicable to habeas actions under § 2254(a) and § 2241(c)(3), at the time he filed

his petition for habeas relief. (*Id.* at ECF Nos. 5, 6.) On November 28, 2011, Nyema filed a notice of appeal from Judge Cooper's decision with the United States Court of Appeals for the Third Circuit, which by Order dated February 3, 2012, dismissed Nyema's appeal for lack of appellate jurisdiction. (*Id.*, ECF Nos. 8 and 12, respectively.)

On June 9, 2010, before Nyema filed his notice of appeal to the Third Circuit, Nyema filed a second habeas action challenging his same 2005 New Jersey state court judgment of conviction. (*See Nyema v. State of New Jersey*, Civil No. 10-2933 (MLC), ECF No. 1.) In the second action, Nyema characterized his petition as a writ of error *coram nobis*. (*Id.*) Nyema filed an amended petition on July 12, 2010. (*Id.*, ECF No. 2.) Nyema stated that, on or about April 9, 2008, he had filed a *pro se* petition for post-conviction relief ("PCR") in state court, alleging various claims of ineffective assistance of trial counsel. The state PCR judge denied Nyema's PCR petition by Order dated September 30, 2009. (*Id.*, ECF No. 2 at ¶¶ 14-16.)

In an Opinion and Order entered on December 13, 2010, Judge Cooper dismissed Nyema's second petition for lack of jurisdiction because Nyema did not satisfy the "in custody" jurisdictional requirement applicable to habeas actions under § 2254(a) and § 2241(c)(3). (*Id.*, ECF Nos. 5, 6.) Moreover, Judge Cooper noted that the District Court lacked jurisdiction to issue a writ of error *coram nobis* in Nyema's case because "coram nobis is not available in a federal court as a means of attack on a state criminal judgment." (*Id.*, ECF No. 5 at 3.) (citations omitted). Nyema again appealed from the dismissal order, and on January 26, 2012, the Third Circuit dismissed the appeal for lack of appellate jurisdiction. (*Id.*, ECF Nos. 8 and 11, respectively.)

On January 24, 2012 and November 9, 2012, Nyema sought to re-open his first habeas action in *Nyema v. State of New Jersey*, Civil No. 09-69 (MLC), and he filed another petition for

3

habeas relief. (*See Nyema v. State of New Jersey*, Civil No. 09-69 (MLC), ECF Nos. 11, 13 and 14.) In an Opinion and Order issued on November 13, 2012, Judge Cooper denied Nyema's request to re-file and re-open his habeas action. (*Id.*, ECF Nos. 15, 16.) In a letter request filed on November 28, 2012, Nyema again asked to re-open his case. Judge Cooper denied the request in a Notice and Order dated November 28, 2012. (*Id.*, ECF Nos. 17 and 18, respectively.)

While Nyema's applications to re-open his earlier action were pending, and despite several Orders from the District Court and the Third Circuit dismissing Nyema's prior habeas applications, Nyema submitted this third habeas petition, pursuant to 28 U.S.C. § 2241, challenging the very same 2005 New Jersey state court conviction long after his three-year probation term had expired in 2008. In the May 17, 2013 Opinion, this Court determined that Nyema's habeas challenge to his 2005 state court conviction was properly designated as a habeas action under 28 U.S.C. § 2254. Further, the Court found that it lacked jurisdiction to review the petition because Nyema was no longer "in custody" pursuant to the challenged conviction. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). (ECF No. 13 at 5-6.)

The Court also found that Nyema was not entitled to relief under a writ of *error coram nobis* because the writ of *error coram nobis* is available in federal court only for those who were convicted in federal court. 28 U.S.C. 1651(a); *Neyor v. I.N.S.*, 155 F. Supp.2d 127, 136 (D.N.J. 2001). (ECF No. 13 at 7.) Finally, the Court commented on the repetitious applications filed by Nyema on the very same issue despite the fact that the District Court and the Third Circuit have ruled clearly and conclusively that federal habeas relief is unavailable to Nyema because he no longer is "in custody" pursuant to the judgment of conviction that he is challenging. Indeed, the Court observed that Nyema has been advised repeatedly that his only recourse to challenge his

4

state court conviction is a writ of *coram nobis* in state court where the judgment of conviction was entered. (*Id.*)

On May 28, 2013, Nyema filed a motion for reconsideration of the May 17, 2013 Order dismissing his petition for lack of "in custody" jurisdiction. (ECF No. 15.) In his motion, Nyema alleges that his former counsel had written to Nyema on March 18, 2008, advising Nyema that he had one year to file a habeas petition in federal court. Based on this counsel, Nyema filed his first pro se petition on December 30, 2008, under Civil No. 09-69 (MLC). (*Id.* at ¶ 12.) Nyema contends that he should not be "punished" for his legal counsel's advice about the timing for filing his federal habeas petition. (*Id.* at ¶ 13.) Accordingly, Nyema asks for reconsideration of the Order dismissing his case. (*Id.* at ¶ 14.)

On June 21, 2013, Nyema filed a motion to amend his habeas petition or to file his habeas petition "out of time." (ECF No. 16.) Nyema simply attaches many of the same documentation previously submitted with regard to this case and with his motion for reconsideration. He does submit his amended or additional claim for relief, namely that the Superior Court of New Jersey, Appellate Division "erroneously denied petitioner's appeal from the denial of his petition for post-conviction relief but the Supreme Court of New Jersey refused to hear petitioner's petition for Certification." (ECF No. 16-3 at pp. 38-39.)

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiff seeks reconsideration of this Court's May 17, 2013 decison. Motions for reconsideration are recognized under L.Civ.R. 7.1(i).[1] Local Civil Rule 7.1(i) permits a party to

---

[1] While motions for reconsideration are not expressly permitted by the Federal Rules of Civil Procedure, motions for reconsideration are considered motions to amend or alter a judgment

seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); *see NL Industries, Inc. v. Commercial Union Insurance*, 935 F. Supp. 513, 515 (D.N.J. 1996). "The word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Leja v. Schmidt Mfg., Inc.*, 743 F.Supp.2d 444, 456 (D.N.J. 2010) (citation omitted); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp.2d 610, 612 (D.N.J. 2001) (citation omitted).

It is well settled that a motion for reconsideration is an extraordinary remedy and should be granted "very sparingly." *See Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp.2d 681, 683 (D.N.J. 2005); *Tehan v. Disab. Mgmt. Servs., Inc.*, 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). The scope of a motion for reconsideration is "extremely limited" and may not "be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Thus, a movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See, Lazardis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing

---

under Fed.R.Civ.P. 59(e) or a motion for relief from judgment under Fed.R.Civ.P. 60(b). *See Weist v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008). For the purposes of this analysis, Rule 7.1(i) is essentially the same as Fed.R.Civ.P. 59(e). *See Tucker v. I'Jama*, 404 F. App'x 580, 581 (3d Cir. 2010).

*N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Allah v. Ricci*, No. 08-1753 (JAP), 2012 WL 4341207, *1 (D.N.J. Sep. 21 2012).

The moving party seeking reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)); *Dunkley v. Mellon Investor Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010); *Bowers*, 130 F.Supp.2d at 613 (reconsideration is not a means to expand the record to include matters not originally before the court). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe*, 555 F.3d at 957 (citation omitted) (internal quotation marks omitted); *see also Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [ ] fail if the moving party raises argument[s] ... that could have been raised ... before the original decision was reached.") Furthermore, reconsideration of "new evidence" is only permissible if that evidence would have altered the disposition of the case. *See Interfaith Cmty. Org. Inc. v. PPG Indust., Inc.*, 702 F. Supp.2d 295, 317 (D.N.J. 2010), *reconsideration denied* (July 12, 2010).

Consequently, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F. Supp.2d at 612 (citations omitted). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Clark v. Prudential Ins. Co. of America*, --- F. Supp.2d ----, 2013 WL 1694451, * 2 (D.N.J. Apr. 18, 2013) (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp.2d 511, 533 (D.N.J. 1998)).

With this framework in mind, the Court finds that reconsideration of its prior ruling is not warranted. In particular, the Court finds that Nyema has not demonstrated that this Court

*N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Allah v. Ricci*, No. 08-1753 (JAP), 2012 WL 4341207, *1 (D.N.J. Sep. 21 2012).

The moving party seeking reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)); *Dunkley v. Mellon Investor Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010); *Bowers*, 130 F.Supp.2d at 613 (reconsideration is not a means to expand the record to include matters not originally before the court). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe*, 555 F.3d at 957 (citation omitted) (internal quotation marks omitted); *see also Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [ ] fail if the moving party raises argument[s] ... that could have been raised ... before the original decision was reached.") Furthermore, reconsideration of "new evidence" is only permissible if that evidence would have altered the disposition of the case. *See Interfaith Cmty. Org. Inc. v. PPG Indust., Inc.*, 702 F. Supp.2d 295, 317 (D.N.J. 2010), *reconsideration denied* (July 12, 2010).

Consequently, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F. Supp.2d at 612 (citations omitted). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Clark v. Prudential Ins. Co. of America*, --- F. Supp.2d ----, 2013 WL 1694451, * 2 (D.N.J. Apr. 18, 2013) (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp.2d 511, 533 (D.N.J. 1998)).

With this framework in mind, the Court finds that reconsideration of its prior ruling is not warranted. In particular, the Court finds that Nyema has not demonstrated that this Court

actually "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Nyema has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Rather, Nyema purports that the March 18, 2008 letter from his former attorney misguided him about the time frame within which to file his federal habeas petition, and that Petitioner should not be held responsible for his counsel's legal error. However, the dismissals of Nyema's first habeas petition, Civil No. 09-69 (MLC) and this instant petition were not based on timeliness concerns. Instead, Judge Cooper and this Court dismissed Nyema's habeas petitions challenging his 2005 New Jersey state court conviction because Petitioner was not "in custody" at the time he filed his petitions. Accordingly, new information regarding the March 18, 2008 letter does not alter this Court's determination regarding the lack of "in custody" jurisdiction.

Thus, Nyema's entreaties to this Court are nothing more than Nyema's stubborn disagreement with prior decisions by the District Court on this jurisdictional requirement. Nyema simply cannot satisfy the threshold for granting a motion for reconsideration on the irrelevant grounds asserted. Nyema's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly and repeatedly adjudicated by the District Court.

B. Motion to Amend Petition

In his motion to amend his habeas petition, Nyema seeks to add an additional claim that the Appellate Division and Supreme Court of New Jersey erred in denying review and relief from denial of his state court petition for post-conviction relief. (ECF No. 16.) This motion

must be denied because Nyema's initial petition did not satisfy the requisite "in custody" jurisdiction under 28 U.S.C. § 2254(a), and the new purported claim for habeas relief does not change the jurisdictional circumstances attendant to Nyema's initial petition. This Court still lacks jurisdiction over Nyema's habeas petition challenging his 2005 New Jersey state court judgment of conviction regardless of the new claim because the petition was filed after completion of Nyema's sentence when he was no longer in custody pursuant to his challenged conviction.

## III. CONCLUSION

Therefore, based on the reasons set forth above, Petitioner's motion for reconsideration (ECF No. 15) and his motion to amend the petition (ECF No. 16) are denied. An appropriate order follows.

*MichaelShipp*
MICHAEL A. SHIPP
United States District Judge

Dated: 11/26/13